IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON JINGELESKI, AMY M. REYNOLDS, GEORGE E. YAZBECK, and TERRANCE S. DEWALD, | ) ) ) ) | 8:07CV330 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| BILLY R. BRADFORD, | ) ) | |
| Defendant. | ) ) ) | |

Before the court is the plaintiffs' Motion for Consideration of Arbitration Award, Filing No. 1, and defendant's Motion to Change Venue, Filing No. 10, and Motion to Dismiss, Filing No. 26.[1]  For the reasons stated herein, the defendant's Motions to Change Venue and to Dismiss are denied, and the plaintiffs' Motion to Confirm Arbitration Award is granted.

**Procedural Background**

On August 24, 2007, Jason Jingeleski, Amy M. Reynolds, George E. Yazbeck, and Terrance S. Dewald ("the plaintiffs") filed this action as a Motion for Consideration of Arbitration Award.  Filing No. 1.  The defendant, Billy R. Bradford ("Bradford"), was served a copy of the motion on September 5, 2007.  Filing No. 7. On October 16, 2007, plaintiffs' counsel advised the court that they had been served with a *pro se* response.  The magistrate judge entered an order requiring plaintiffs' counsel to file the response with the court and requiring the defendant to serve all documents on the court and the plaintiffs'

---

[1] Also pending is the plaintiffs' Motion to Strike Defendant's Motion to Dismiss, Filing No. 13, which for the reasons stated herein is denied as moot.

counsel. Filing No. 8. On October 31, 2007, the defendant filed with the court a Motion to Change Venue. Filing No. 10. On November 1, 2007, the plaintiffs' counsel filed, on behalf of the defendant, the response they had received to the Motion for Consideration of Arbitration Award. Filing No. 9. On November 26, 2007, the clerk of the court docketed a "supplement" regarding the Motion to Change Venue which was merely a duplicate copy of documents already received by the court. Filing No. 11. On December 3, 2007, the defendant filed a Motion to Dismiss. Filing No. 12. On December 26, 2007, the plaintiffs filed a Motion to Strike Defendant's Motion to Dismiss. Filing No. 13. The plaintiffs' have not filed a response to the Motion for Change of Venue.

Finally, on January 18, 2008, the defendant filed an additional pleading entitled "2nd Motion to Dismiss" which constituted primarily a statement in support of his prior motion. Filing No. 14.

**Factual Background**

In September 1987, Bradford opened a self-directed individual margin account with the ability to trade options (the "Account") with a firm called Kennedy, Cabot & Co. Filing No. 2, Exhibit C, NASD Dispute Resolution case no. 06-05984, Answer to Statement of Claim and Motion to Dismiss, "NASD Answer," p. 1. The Kennedy, Carbot & Co. Account was subsequently acquired by TD Waterhouse Investor Services, Inc. ("Waterhouse"), which was later acquired by Ameritrade, Inc., and is now known as TD AMERITRADE, Inc. ("TD Ameritrade"). NASD Answer, p. 1.

On December 9, 2005, Bradford went to the TD Ameritrade branch office in Las Vegas, Nevada, and reactivated this account with TD Ameritrade, deposited a $100 check and 10,000 shares of Lucent Technologies stock. Filing No. 2, Exhibit B, NASD Arbitration

Uniform Submission Agreement, "Submission Agreement," p. 3.  The Las Vegas branch office of TD Ameritrade that held the account noted internally that the account was not to be traded on margin because of previously unsecured balances in the account.  Filing No. 2, Exhibit D, NASD Dispute Resolution Award, "NASD Award" p. 3.  Regardless, the branch allowed Bradford to trade on margin.  NASD Award, p. 3.  On January 13, 2006, the share price of the stock in the margin account dropped substantially, resulting in a margin call.  NASD Award, p. 3.  TD Ameritrade employee Jason Jingeleski met with Bradford in the Las Vegas office regarding the margin call and Bradford indicated that he did not have the $4,000.00 to cover the margin call.  NASD Award, p. 3.  Bradford and Jingeleski agreed to sell a portion of the stock to cover the margin call; however, the Eastern Risk Management Department (ERMD) of TD Ameritrade decided on its own to take immediate action to eliminate the entire margin balance in Bradford's account.  NASD Award, p. 3.

Pursuant to the Terms and Conditions of his account, Bradford demanded arbitration against TD Ameritrade, Inc. and the plaintiffs herein on September 5, 2006.  Submission Agreement, p. 1.  The arbitration, brought pursuant to the rules of the National Association of Securities Dealers, Inc. ("NASD"), was styled *"In the Matter of the Arbitration Between Billy R. Bradford, Claimant and TD Ameritrade, Inc. (f/k/a TD Waterhouse Investor Services, Inc.), Jason Jingeleski, Amy M. Reynolds, George E. Yazbeck, and Terrance S. DeWald, Respondents,"* NASD Case No. 06-02984 (the "NASD Proceeding").  The arbitration hearing was held on April 30, 2007, in Las Vegas, Nevada.  NASD Award, p. 5.

On May 2, 2007, the NASD entered an Award in the NASD Proceeding finding that TD Ameritrade must reimburse Bradford for his losses for the shares sold by ERMD in the amount of $5,916.14, plus $250.00 as reimbursement for travel costs and incidentals. NASD Award, p. 3.  Additionally, the panel dismissed all claims against the individual plaintiffs with prejudice and recommending "the expungement of all reference[s] to the [NASD Proceeding] from Respondents Jason Jingeleski, Amy M. Reynolds, George E. Yazbeck and Terrance S. DeWald's registration records maintained by the Central Registration Depository ("CRD")." NASD Award, p. 3-4.  The plaintiffs then filed this matter to confirm that arbitration award.

**Motion for Change of Venue and Motion to Dismiss**

Bradford does not indicate the grounds for his motion to dismiss.  At best, it can be termed as a motion pursuant to Federal Rule of Civil Procedure for lack of personal jurisdiction and improper venue.  Fed. R. Civ. Pro. 12(b)(2) and (3).[2]

At the time he made his trades, Bradford's margin account was governed by certain provisions contained in an agreement called "Terms and Conditions."  See Filing No. 2, Exhibit A to James J. Vihstadt's affidavit "Terms and Conditions."  Bradford argues in his response to the plaintiffs' motion that Exhibit A should be struck as an exhibit from the plaintiffs' motion to confirm the arbitration award, as he had not signed or dated the agreement.  However, the limited record is clear that Bradford willingly traded under the

---

[2] Even stretching the motion to be made pursuant to Fed. R. Civ. P. 12(b)(6), the motion fails. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly, --- U.S. ---, ---, 127 S. Ct. 1955, 1959 (2007).

4

Terms and Conditions as set forth in Exhibit A and, further, relied on the provisions of Exhibit A when filing his demand for arbitration with the NASD. Clearly, he cannot now be heard to say that it does not apply to him.

The Terms and Conditions provide, in relevant part:

> I acknowledge that Ameritrade is engaged in the brokerage business at its principal place of business in Omaha, Nebraska; and that I am transacting business in the state of Nebraska. . . . Any court action brought against Ameritrade by me or on my behalf shall be exclusively venued in the State of Nebraska and shall be governed by the laws of the State of Nebraska. I hereby submit to personal jurisdiction within the State of Nebraska.

Terms and Conditions, ¶ 33. The court finds that Bradford has voluntarily subjected himself to personal jurisdiction in Nebraska and, to the extent that the defendant's motion to dismiss is based on lack of personal jurisdiction, it is denied.

Moreover, venue is proper in Nebraska pursuant to the forum selection clause in the Terms and Conditions. "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.,* 183 F.3d 750, 752 (8th Cir. 1999). Therefore, the motion to dismiss is also denied as to improper venue.

However, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In his motion, Bradford alleges that he is 78 years old and in ill health; therefore, it would be more convenient for him if this case were heard in Nevada. However, as discussed below, the court determines that Bradford's answer to the

motion to confirm the arbitration award, Filing No. 9, does not provide any grounds as to why the court should not approve the award as to the individual plaintiffs. Consequently, in the interest of justice, the court finds that there is no need to transfer this case to Nevada. Therefore, the Motion to Dismiss and the Motion to Transfer Venue are denied.

**Motion for Confirmation of Arbitration Award**

There is strong federal policy favoring arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. Under this Act, federal courts play a limited role in reviewing the decisions of arbitrators and a district court may only vacate arbitration decisions under the narrow set of circumstances set forth in the statute. *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120 (2d Cir.1991); *Stroh Container Co. v. Delphi Indus. Inc.*, 783 F.2d 743, 748-49 (8th Cir.), *cert. denied,* 476 U.S. 1141 (1986). Section 10(a) of the Act enumerates the four grounds for which a federal court may reverse or vacate an arbitration award: (1) fraud or corruption in procuring the award; (2) evident partiality or corruption on the part of the arbitrators; (3) arbitrator misconduct in refusing to postpone the hearing, or in refusing to hear relevant evidence; or (4) an award which exceeds the powers of the arbitrator. 9 U.S.C. § 10(a)(1)-(4).

Neither the defendant's response to the Motion for Confirmation of Arbitration Award nor any of his other filings with this court provides any objection to the entry of the arbitration award under any of the grounds enumerated in 9 U.S.C. § 10(a). Thus, the court will grant the plaintiffs' Motion for Confirmation of Arbitration Award.

IT IS ORDERED:

1. The defendant's Motion for Change of Venue, Filing No. 10, Motion to Dismiss, Filing No. 12, and 2nd Motion to Dismiss, Filing No. 14, are denied.

2. The plaintiffs' Motion to Strike the Defendant's Motion to Dismiss, Filing No. 13, is denied as moot.

3. The plaintiffs' Motion to Confirm Arbitration Award, Filing No. 1, is granted.

4. The NASD is directed to expunge all references to the NASD Proceeding styled "*In the Matter of the Arbitration Between Billy R. Bradford, Claimant and TD Ameritrade, Inc. (f/k/a TD Waterhouse Investor Services, Inc.), Jason Jingeleski, Amy M. Reynolds, George E. Yazbeck, and Terrance S. DeWald, Respondents*, NASD Case No. 06-02984" from Jason Jingeleski, Amy M. Reynolds, George E. Yazbeck, and Terrance S. Dewald's registration records maintained by the NASD Central Registration Depository.

5. A separate judgment in accordance with this Memorandum and Order will be entered.

DATED this 29th day of January, 2008

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge