IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON JINGELESKI, AMY M. REYNOLDS, GEORGE E. YAZBECK, and TERRANCE S. DEWALD, | ) ) ) ) | 8:07CV330 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| BILLY R. BRADFORD, | ) ) | |
| Defendant. | ) ) | |

On January 29, 2008, this court granted the plaintiffs' motion for confirmation of arbitration award and denied the defendant's motion for change of venue. Judgment was entered in favor of the plaintiff. On February 14, 2008, the court received from the defendant a request to continue the case and for the appointment of a public defender. The court will deem this to be a motion for reconsideration, and after reviewing the motion and the documents provided, the court denies both motions.

The defendant asserts first that the court's opinion was erroneous in that he went to TD Waterhouse's Las Vegas Office in December 2005 to reactivate his account, and that later, at some point between December 30, 2005 and February 26, 2006, TD Waterhouse was acquired by TD Ameritrade. Filing No. 17 at 1. The court finds that this, even if true, does not alter the court's prior findings, the defendant does not dispute that the account was transferred to TD Ameritrade and the NASD Arbitration was conducted under the TD Ameritrade Terms and Conditions. As previously stated in the court's memorandum and order, Filing No. 15, under Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("the Act"), federal courts play a limited role in reviewing the decisions of arbitrators and a district court may only vacate arbitration decisions under the narrow set of circumstances

set forth in the statute.  *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120 (2d Cir. 1991); *Stroh Container Co. v. Delphi Indus. Inc.*, 783 F.2d 743, 748-49 (8th Cir.), *cert. denied,* 476 U.S. 1141 (1986).  Section 10(a) of the Act enumerates the four grounds for which a federal court may reverse or vacate an arbitration award: (1) fraud or corruption in procuring the award; (2) evident partiality or corruption on the part of the arbitrators; (3) arbitrator misconduct in refusing to postpone the hearing, or in refusing to hear relevant evidence; or (4) an award which exceeds the powers of the arbitrator. 9 U.S.C. § 10(a)(1)-(4).

While the court is aware that the defendant believes that the plaintiffs acted improperly and were fired by TD Ameritrade for their alleged securities violations, Filing No. 17 at 1, this does not rise to the level for this court to reverse or vacate the decision of the arbitrators.  The arbitrators considered the defendant's complaints against the plaintiffs, but nevertheless they recommended that any reference to the arbitration be expunged from the plaintiffs' registration records.  Without evidence that the court should reverse or modify the arbitration award for any reasons enumerated in 9 U.S.C. § 10(a), the court must affirm the arbitrators' award.  Therefore, the motion for reconsideration is denied.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the court, as there is no constitutional or statutory right to appointed counsel in civil cases.  *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  The standard for appointment of counsel in a civil case is whether both the indigent person and the court would benefit from the assistance of counsel.  *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted).  This determination involves the consideration of several relevant criteria which

include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794 (*citing Edgington*, 52 F.3d at 780).  Further, the court should consider whether the indigent person has established a prima facie claim in the pleadings which, if proven, would result in some form of relief for the indigent person.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984.)

The defendant in this case has not made a showing that he is indigent.  The defendant asserts in his filing that he has no assets or income other than Social Security; however, this is contrary to the fact that this matter involves his investment of thousands of dollars with TD Waterhouse/TD Ameritrade.  Moreover, the defendant has already represented himself in front of the NASD Dispute Resolution panel, receiving an award of $5,916.14 and costs, and neither side disputes the propriety of this award.  The issue regarding the confirmation of the arbitration award is not complex, nor does it appear that counsel would assist the defendant in acquiring additional information necessary to defend this lawsuit.  Finally, as the court's prior opinion provides, the defendant has made no showing that he has a viable defense to the confirmation of the arbitration award.  Therefore, the defendant's motion for appointment of counsel is denied.

IT IS ORDERED that the defendant's motions for appointment of counsel and for reconsideration, Filing No. 17, are denied.

DATED this 25th day of February, 2008

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge